**TRANSAMERICA FINANCIAL SERVICES, INCORPORATED, Plaintiff, Counter–Defendant–Appellee,**

v.

**Mary E. SYKES, Defendant, Counter–Plaintiff–Appellant,**

v.

**Ira T. Nevel, Third–Party Defendant–Appellee.**

No. 98–2586.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 5, 1999.

Decided March 25, 1999.

William J. Maroney (argued), Chicago, IL, for Plaintiff–Appellee.

Samual A. Shelist (argued), Schuller & Associates, Chicago, IL, for Defendant–Appellant Mary E. Sykes.

Ira T. Nevel, Chicago, IL, for Defendant–Appellee Ira T. Nevel.

Before WOOD, JR., FLAUM and MANION, Circuit Judges.

MANION, Circuit Judge.

Transamerica Financial Services, Incorporated, through its attorney, Ira T. Nevel, brought a foreclosure action against Mary Sykes, because Sykes had failed to make payments on a mortgage secured by her home. Sykes claims that this mortgage is a forgery, and that she owes no money to Transamerica. Sykes brought a counterclaim against Transamerica and Nevel under the Truth in Lending Act and the Fair Debt Collection Practices Act, and she removed the state court foreclosure action to federal court to prosecute her federal counterclaims. The district court granted summary judgment to Transamerica and Nevel on both counterclaims and remanded the case to state court. Sykes has appealed only the grant of summary judgment as to the Fair Debt Collection Practices Act.[1]

---

1. The Fair Debt Collection Practices Act creates causes of action against debt collectors, not creditors. Therefore, only Nevel is involved in this appeal; Transamerica is a creditor, not a debt collector.

 The district court only addressed Nevel's possible violation of 15 U.S.C. § 1692f(1), which led us to ask at oral argument if other provisions of the FDCPA were argued by Sykes. Sykes' counsel stated that Sykes had in fact argued both § 1692e and § 1692f of the FDCPA. However, the record does not bear this assertion out. Sykes' counterclaim specifically states:

That Nevel's Complaint to Foreclose Mortgage is an attempt to collect a "debt" not permitted by law in violation of 15 USCS 16929(f); is a false, deceptive, and misleading collection means in violation of 15 USCS 1692(f); is a unfair and unconscionable means of collection in violation of 15 USCS 1692(f). [*sic*]

Sykes' countercomplaint does not mention 15 U.S.C. § 1692e at all. Additionally, Sykes' response to the motion for summary judgment only advances 15 U.S.C. § 1692f(1):

15 USCS 1692(f)(1) prohibits collecting what is not owed. If the entire debt is not owed—because Plaintiff TRANS-AMERICA never disbursed to SYKES—then Plaintiff and NEVEL— then it is inconceivable how Plaintiff can argue that a Suit to collect a Debt not owed is not a violation of the FDCPA and related Acts. To sue Mrs. SYKES on a debt not owed is fundamentally deceptive and false [*sic*]

Nowhere in the record does Sykes direct the district court to 15 U.S.C. § 1692e as a potential source of liability.[2] While a complainant need not specify her theory of liability in a complaint, neither must a court search the United States Code for provisions which might be relevant to a plaintiff's case. "It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary

judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal." *Liberles v. County of Cook*, 709 F.2d 1122, 1125–26 (7th Cir.1983); *see also Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1237 (7th Cir.1997) (same). Because Sykes argued only a violation of 15 U.S.C. § 1692f to the district court, we shall limit our discussion to that particular section.

 Section 1692f prohibits any "unfair or unconscionable means to collect or attempt to collect any debt." It includes the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Sykes argues that because the mortgage is a forgery, and therefore collection on the mortgage is not expressly authorized by law, Nevel violated § 1692f(1).

 We agree with the district court that this section does not apply to Sykes' circumstances because Nevel never attempted to collect any debt not authorized by the agreement itself. Rather, he sought to collect a debt authorized by the agreement, the validity of the agreement notwithstanding. While attempting to enforce a fraudulent agreement may violate other laws, 15 U.S.C. § 1692f does not reach this action. Rather, this section applies to circumstances where debt collectors attempt to collect a fee for which the contract does not provide, or which is not authorized by law. *See, e.g., Jenkins v. Heintz*, 124 F.3d 824, 827 (7th Cir.1997) (attempt to collect insurance premium not authorized by contract violates § 1692f). The mortgage clearly authorizes the collection efforts undertaken by Nevel. That the mortgage may be a forgery has no bearing on the § 1692f analysis.

**2.** We also note that neither party entered any evidence regarding whether Nevel knew of the alleged forgery. As a misrepresentation under 15 U.S.C. § 1692e must be knowing and intentional, *see Ducrest v. Alco Collec-* *tions, Inc.*, 931 F.Supp. 459, 462 (M.D.La. 1996), the failure of evidence on this point further suggests that this theory of liability was not litigated before the district court.

Other courts to address this same issue have reached the same conclusion. For example, in *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 392 (D.Del.1991), a debt collector contacted the Beatties, seeking to collect a debt. The Beatties informed the collector that they were not the debtors sought by the collector, and then sued the collector under § 1692f. The district court granted summary judgment to the debt collector on the grounds that the amount sought to be collected was correct. *Id.* This particular provision of the FDCPA addresses the conduct of the debt collector, not the validity of the underlying debt.

Sykes relies on *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (M.D.Ala. 1987), but this case is distinguishable. In *Kimber*, a debt collector attempted to collect a debt which was barred by the statute of limitations. The district court held that "a debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that that limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt." *Id.* at 1487. In *Kimber*, the documents presented by the creditor to the debt collector revealed that the debt appeared to be time-barred. However, in this case, none of the records produced by Transamerica suggest that the documents have been forged. Because Nevel had no notice that the debt instruments might be forgeries, *Kimber* is inapplicable.

Thus, the district court's grant of summary judgment to Nevel and Transamerica on Sykes' counterclaim is

AFFIRMED.