**Miriam DAVID, Plaintiff,**

v.

**FMS SERVICES, Defendant.**

**No. 06 CIV 10194 VM.**

United States District Court, S.D. New York.

Feb. 22, 2007.

Francis Dana Bigelow, II, Sadis & Goldberg LLC, New York, NY, for Plaintiff.

Priya Chaudhry, Hafetz & Necheles, New York, NY, Stephen Sale, Sale & Quinn, P.C., Washington, DC, for Defendant.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Miriam David ("David") brought this action after receiving a debt collection notice sent to her home by defendant FMS Services ("FMS"). David asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), as well as a common law claim for negligence. FMS has moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, FMS's motion is GRANTED.

## I. BACKGROUND [1]

In July of 2006, David received and opened a debt collection notice from FMS which was sent to her home (the "Notice"), but which was addressed to an individual with her last name but a different first name (the "Addressee"). The Notice claimed that the Addressee opened an account with Citibank and failed to make payments. While David does her banking at Citibank, the account referenced was not her account. David wrote back to FMS disputing the validity of the debt and requesting that she be provided "with the name and address of the original creditor as I have nothing to do with that claim. This is not my name." (Compl. at Ex. B).

FMS did not respond to David's letter and did not provide her with any information regarding the debt. David subsequently commenced this action. David does not dispute that FMS never pursued the debt contained in the Notice with her. However, David asserts that her wages had previously been improperly garnished as a result of a different alleged debt executed against her without notice, which she did not owe. That debt was executed in the name of the Addressee under David's social security number, but not by defendant FMS.

David asserts that she is entitled to obtain information from FMS about the debt and Addressee referenced in the Notice, and also that FMS's actions have caused her embarrassment, distress and anxiety.

## II. DISCUSSION

### A. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers*, 282 F.3d at 152. However, mere "conclusions of law or unwarranted deductions of fact" need

---

[1]. The factual recitation below derives from David's amended complaint, dated Nov. 17, 2006 ("Compl."). Except where quoted or otherwise specifically cited, no further reference will be made to this document.

not be accepted as true. *First Nation-wide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir.1994) (quotation marks and citation omitted). The Court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## B. DAVID FAILS TO STATE A CLAIM UNDER THE FDCPA

■ David's FDCPA claim is based on 15 U.S.C. § 1692(e), which prohibits a debt collector from using "any false, deceptive, or misleading representations or means in connection with the collection of a debt." While this section sets forth various examples of the types of conduct that would constitute an FDCPA violation, none are applicable to the present case, as David has failed to allege that FMS was attempting to collect a debt from her, and the injury she claims is grounded on her having opened mail sent to the Addressee.

As David concedes, the Notice was not addressed to her. FMS asserts that David should not have even opened the Notice. Leaving this objection aside, the Citibank account referenced in the Notice was not David's account. FMS incorrectly sent a debt collection notice directed at another individual to David's address, nothing more. David fails to identify any conduct on the part of FMS that indicates it was attempting to collect a debt from her.[2]

■ While the Second Circuit applies a "least sophisticated consumer" standard in analyzing whether a debt collection practice is false, deceptive or misleading in violation of 15 U.S.C. § 1692(e), it is nonetheless an "objective" standard. *See Bent-*

*ley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir.1993). It is understandable that David would be concerned by the Notice considering the previous improper garnishment of her wages for a debt also in the name of the Addressee, and consequently David may have subjectively understood the Notice to falsely seek to collect a debt from her, but this does not create a cause of action against FMS. Objectively, it is undisputed that the Notice was addressed to an individual with a different first name from David, and the bank account referenced was not hers. Even an unsophisticated consumer knows her own name and David confirmed there was no confusion on this point. In fact, in her response to FMS, she wrote "[t]his is not my name."

■ It was not FMS that executed this previous judgment. FMS has not taken any actions against David that can form the basis for a FDCPA claim. While no actual injury is necessarily required to state a claim under the FDCPA, *see Miller v. Wolpoff & Abramson LLP*, 321 F.3d 292, 307 (2d Cir.2003), there must still be an attempt to collect a debt from the plaintiff. This essential element is missing from David's claim.

Nor does FMS's refusal to furnish David any information about the debt at issue in the Notice create a cause of action. As FMS correctly point out, the FDCPA prohibits it from communicating with David regarding another individual's debt. *See* 15 U.S.C. § 1692c(b). As David's own letter to FMS makes clear, this was not David's debt, thus FMS would arguably have violated the FDCPA if it had furnished David the information she sought.

---

**2.** The Court notes that after this action was commenced, and as an outcome of discussions at the Court's conference with the parties, FMS provided David with a letter con-

firming that it did not have a claim against David on behalf of either itself or another creditor.

450

David's reason for demanding information regarding the debt at issue in the Notice is understandable; arguably the previous execution on her income for a debt in the Addressee's name but under David's social security number raises legitimate concerns that she may be the victim of identify theft. These concerns, however, do not give rise to a cause of action against FMS, nor is the FDCPA designed as a means for persons to seek information for these unrelated purposes.

Consequently, FMS's motion to dismiss David's claims under the FDCPA is granted.

## C. *DAVID'S PENDANT STATE LAW CLAIM FOR NEGLIGENCE*

As federal jurisdiction is based on David's FDCPA claim which is dismissed, leaving only the pendent state law claim for negligence, the Court declines to exercise jurisdiction over this claim, "since when all bases for federal jurisdiction have been eliminated from a case so that only pendent state law claims remain, the federal court should ordinarily dismiss the state claims." *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir.1988).

David's claim for negligence is therefore dismissed as well, without prejudice to refiling in an appropriate court.

### III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the motion to dismiss of defendant FMS Services (Docket No. 6) is hereby GRANTED.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**