**Lawrence HILL, Plaintiff,**

v.

**JAVITCH, BLOCK & RATHBONE, LLP, Defendant.**

**Case No. 1:08–CV–335.**

United States District Court,
S.D. Ohio,
Western Division.

Sept. 2, 2008.

Vincent A. Dimasi, Cincinnati, OH, for Plaintiff.

Michael D. Slodov, Robert Glenn Knirsch, Javitch Block & Rathbone LLP, Cleveland, OH, for Defendant.

## ORDER

SANDRA S. BECKWITH, Chief Judge.

This matter is before the Court on Defendant Javitch, Block & Rathbone, LLP's motion to dismiss or motion for a more definite statement (Doc. No. 5). For the reasons that follow, Defendant's motion to

dismiss is well-taken and is **GRANTED;** Defendant's motion for a more definite statement is **MOOT.**

## I. *Factual and Procedural Background*

This lawsuit filed under the Fair Debt Collection Practices Act has an unusual set of facts.[1] On April 2, 2007, Defendant Javitch, Block & Rathbone, LLP ("Javitch") filed a suit in the Hamilton County Municipal Court on behalf of Midland Funding, LLC to collect a past due account in the amount of $10,681.69. Complaint ¶ 4; Doc. No. 5–2, at 1–2 (municipal court records). The defendant named in the complaint and who allegedly owed money to Midland Funding was "Scipio Hill." Complaint ¶ 5; Doc. No. 5–2, at 1–2. The case was docketed as *Midland Funding, LLC v. Scipio Hill*, Case. No. 07CV08899. On April 4, 2007, the Municipal Court mailed a copy of the summons and complaint to Scipio Hill at 5815 Robison Road, Cincinnati, Ohio by certified mail. Doc. No. 5–2, at 5. On April 16, 2007, the postal service returned the summons and complaint as unclaimed. Doc. No. 5–2, at 6. The same day, the municipal court sent the summons and complaint to Scipio Hill at the Robison Road address by ordinary mail. Doc. No. 5–3.

The summons and complaint did not reach Scipio Hill, however. Instead, the summons and complaint were delivered to Plaintiff Lawrence Hill, who apparently lives or lived at 5815 Robison Road. Plaintiff and Scipio Hill are two different people and Plaintiff has never used the name "Scipio Hill." Complaint ¶ 8. Despite the fact that the summons and complaint were not addressed to him, and that he was not named as a party in the complaint, on May 15, 2007, Plaintiff filed an answer through counsel denying all of the allegations in the complaint. Doc. No. 5–2, at 9. Plaintiff also averred that "he is not the Debtor identified as Scipio Hill." *Id.* On June 1, 2007, Javitch voluntarily dismissed Case No. 07CV08899 without prejudice. Doc. No. 5–2, at 12.

On August 22, 2007, Javitch filed a new lawsuit against Scipio Hill on behalf of Midland Funding, which was docketed as Case No. 07CV25071. This time, Javitch had service of the summons and complaint delivered to Scipio Hill at an address on Kingsmere Court in Cincinnati. Doc. No. 5–4, at 3–4. Javitch then successfully reduced this suit to a judgment against Scipio Hill.

On May 14, 2008, Plaintiff Lawrence Hill filed a complaint (Doc. No. 1) against Javitch asserting claims for various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Specifically, the complaint alleges that Javitch violated 15 U.S.C. § 1692(g) by failing to identify itself as a debt collector in the state court complaint and by failing to include a Fair Debt Validation Notice. Complaint ¶ 11.[2] The complaint also al-

---

1. The statement of facts is taken from the complaint as well as court records filed by Defendant with its motion. The Court may take judicial notice of these publicly filed documents. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir.2003)("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

2. Section 1692g states:

**1692g. Validation of debts**
(a) Notice of debt; contents
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice,

leges that Javitch violated 15 U.S.C. § 1692f(1) by failing to attach to the state court complaint documentation concerning a statement of the account and the account number, by causing service of the summons and complaint to Plaintiff's address without regard to whether or not that was the debtor's residence, and without regard to whether "Scipio Hill" was Plaintiff's assumed name. Complaint ¶ 12.[3] The complaint further alleges that Plaintiff has incurred legal expenses, out-of-pocket expenses, and potential slander of credit as a result of these alleged violations. Plaintiff seeks payment of $25,000 in actual and statutory damages and such other relief as may be appropriate.

On June 25, 2008, Javitch filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. In its motion, Javitch asserts a number of grounds for dismissal of the complaint, including:

1. the complaint fails to allege that the collection activity at issue arose from a "debt," as defined by the FDCPA;

2. Plaintiff lacks standing to assert a claim under the FDCPA because he is not a "consumer" within the meaning of the Act;

3. the complaint fails to state a claim for a violation of § 1692g because pleadings in civil actions are exempt from the Fair Debt Validation Notice requirements;

4. filing a lawsuit to collect a debt without documentation supporting the claim does not constitute a violation of the FDCPA;

5. misaddressing a summons does not constitute a violation of the FDCPA;

6. Plaintiff's claims are barred by the FDCPA statute of limitations; and,

7. Plaintiff's claim for slander of credit is not ripe for adjudication. Alternatively, Javitch moves the Court to order Plaintiff to file a more definite statement indicating when he received the state court complaint so that the issue of the statute of limitations can be conclusively resolved.[4]

---

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

It is not apparent to the Court that Javitch's alleged failure to identify itself as a debt collector constitutes a violation of § 1692g, since no subsection sets forth that requirement. However, Plaintiff may be intending to allege a violation of 15 U.S.C. § 1692e(11) which, *inter alia*, requires a debt collector to disclose

to the consumer that a communication is from a "debt collector," as defined in the FDCPA.

3. The complaint actually alleges that this conduct violates 15 U.S.C. § 1692f(2), which addresses acceptance of postdated checks by debt collectors. In his memorandum in opposition, Plaintiff indicates that ¶ 12 has a typographical error and should have stated that Javitch's conduct violates § 1692(f)(1). Section 1692(f)(1) provides that it is an unfair practice and a violation of the section to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

4. The Court notes that Javitch's motion for a more definite statement is not inconsistent with its claim that Plaintiff's claims are barred by the statute of limitations. In its pleadings, Javitch posits that there are three different events which could have commenced the running of the statute of limitations on

Javitch's motion to dismiss and motion for a more definite statement have been fully briefed and are ready for disposition.

## II. *Motion to Dismiss*

### A. *Rule 12(b)(6) Standard of Review*

 A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the Plaintiff and to accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds, Harlow v. Fitzgerald,* 457 U.S. 800, 814–15, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Lewis v. ACB Business Serv., Inc.,* 135 F.3d 389, 405 (6th Cir.1998). A court, however, will not accept conclusions of law or unwarranted inferences that are presented as factual allegations. *Blackburn v. Fisk Univ.,* 443 F.2d 121, 124 (6th Cir.1971). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis,* 135 F.3d at 405 (internal citations omitted). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964–65 (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir.2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp.,* 127 S.Ct. at 1965 (citations omitted).

### B. *Analysis*

 The Court agrees with Javitch that certain of Plaintiff's complaint fails as a matter of law. First, as Javitch accurately argues, a summons and complaint are not considered "initial communications" subject to the Fair Debt Validation Notice requirements of § 1692g(a). *See* 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section."); *see also Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 473 (7th Cir.2007) ("[L]egal pleadings no longer need be preceded or accompanied by verification notices.") (citing Pub.L. 109–351, 120 Stat. 2006 (Oct. 13, 2006)) (adding 15 U.S.C. § 1692g(d) to the FDCPA). Therefore, Javitch was not required to comply with § 1692g(a) when it filed the state court summons and complaint at issue in this case. Similarly, the plain language of § 1692e(11) exempts pleadings filed in legal actions from the requirement to notify the consumer that the communication is from a debt collector. *See Sayyed v. Wol-*

---

Plaintiff's claims—the date of the filing of the complaint, the date of the mailing of the summons and complaint, and the date Plaintiff received the summons and complaint. The date that Plaintiff received the summons and complaint is the only date that is not apparent from the record, hence the request for a more definite statement.

*poff & Abramson,* 485 F.3d 226, 231 (4th Cir.2007) ("This provision [§ 1692e(11) ] expressly exempts formal pleadings from a sole, particularized requirement of the FDCPA: the requirement that all communications state that they come from a debt collector."). Therefore, Javitch was not required to provide any notice in the summons and complaint that the communication was from a debt collector. Consequently, paragraph 11 of the complaint fails to state any claim upon which relief can be granted. Accordingly, Javitch's motion to dismiss the claims asserted in paragraph 11 of the complaint is well-taken and is **GRANTED.** Those claims are **DISMISSED WITH PREJUDICE.**

Second, the Court agrees with Javitch that paragraph 12 of the complaint fails to state a claim for relief to the extent it alleges that Javitch violated the FDCPA by failing to attach to the complaint documentation demonstrating a debt was owed. *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324 (6th Cir.2006), makes clear that a debt collector does not violate the FDCPA by filing a complaint for money without having an immediate means to prove the debt. *Id.* at 331–33. Rather, a debt collector will only be liable where it files a false document or false affidavit with the complaint, makes false claims regarding the debt, or fails to make a reasonable investigation into whether or not the debt existed. *See id.* at 331, 333.

Plaintiff, though, argues that *Harvey* is distinguishable because in this case, Javitch, in an affidavit filed with the complaint, admitted that all of the account records were in the custody and control of the defendant. Therefore, Plaintiff argues, Javitch would never have been able to prove the debt. However, neither the Rules of Civil Procedure nor the FDCPA require debt collectors to be certain they will prevail on their claims before filing suit for collection. *Id.* at 333. *Harvey* and other cases, *e.g., Deere v. Javitch, Block & Rathbone, LLP,* 413 F.Supp.2d 886, 891 (S.D.Ohio 2006) (Beckwith, C.J.), establish that evidentiary issues concerning the debt can be fleshed out through discovery and exchange of pleadings. *Harvey,* 453 F.3d at 331; *see also id.* at 333 ("[A] debt may be properly pursued in court, even though the debt collector does not yet possess adequate proof of his claim."). Therefore, Javitch did not violate the FDCPA by not having documentation in hand supporting its claim when it filed suit against Scipio Hill.[5] Finally, similar to the situation in *Harvey,* here Plaintiff does not allege that Javitch made any false statements or filed any false documents in the state court complaint. Therefore, paragraph 12 of the complaint fails to state a claim for relief under the FDCPA to the extent it relies on Javitch's failure to provide documentation supporting the claim with the state court complaint. Accordingly, this aspect of Javitch's motion to dismiss is well-taken and is **GRANTED.** This claim is **DISMISSED WITH PREJUDICE.**

Third and finally, remaining for decision is whether the complaint states a claim for a violation § 1692f(1) based on sending the complaint and summons without verifying the debtor's residence and without verifying that Plaintiff used Scipio

---

**5.** Plaintiff is apparently arguing that Javitch could never have proved the debt because it would not have been able to obtain documents from him, Lawrence Hill, during the course of the state court proceedings. If so, the argument is completely inane. Javitch of course could not have expected to receive supporting documents from Lawrence Hill.

But Javitch did not sue Lawrence Hill, it sued Scipio Hill. Nothing in Plaintiff's complaint indicates that Javitch made false statements concerning the debt owed by Scipio Hill or that Javitch would never have been able to prove its claim through documents provided by Scipio Hill.

Hill as an assumed name. Complaint ¶ 12. Section 1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1). Javitch argues that the complaint fails to state a claim under § 1692f(1) because: it fails to allege that it collected any amount of money from Lawrence Hill; it fails to allege that Plaintiff was sued in state court; it fails to allege that a judgment was ever taken against Plaintiff; and it fails to allege that Plaintiff was ever in any jeopardy of having any of his property attached. Under the facts alleged in the case, the Court agrees with Javitch that the complaint fails to state a violation of § 1692f(1).

As its plain language indicates, § 1692f(1) prohibits debt collectors from attempting to collect fees not authorized by law or the agreement which created the debt. *Transamerica Fin. Serv., Inc. v. Sykes,* 171 F.3d 553, 555 (7th Cir.1999). In this case, as Javitch correctly argues, the facts alleged show that it was not attempting to collect any fees, or any amount of money for that matter, from Plaintiff Lawrence Hill. Rather, it sued Scipio Hill but had the summons and complaint delivered to the wrong address.

*David v. FMS Serv.,* 475 F.Supp.2d 447 (S.D.N.Y.2007), is precisely on point. In *David,* the debt collector sent a collection letter to the plaintiff's home. The letter, however, was addressed to a person with the plaintiff's last name, but with a different first name. The letter indicated that the addressee had failed to make payments on an account with Citibank. While the plaintiff had an account with Citibank, the letter referenced an account which was not hers. The plaintiff responded with a letter disputing the debt and stating the name on the account was not hers. The debt collector did not respond to the plaintiff's letter, but took no further action against the plaintiff to pursue the debt. *Id.* The plaintiff then sued the debt collector under to the FDCPA for using false and deceptive means to collect a debt. *Id.* at 449.

The district court held that the plaintiff failed to state a claim for relief under the FDCPA and granted the debt collector's motion to dismiss. In so ruling, the district court observed:

> As David concedes, the Notice was not addressed to her. FMS asserts that David should not have even opened the Notice. Leaving this objection aside, the Citibank account referenced in the Notice was not David's account. FMS incorrectly sent a debt collection notice directed at another individual to David's address, nothing more. David fails to identify any conduct on the part of FMS that indicates it was attempting to collect a debt from her.

*Id.* Then, applying the "least sophisticated consumer" standard,[6] the court held that

---

**6.** The Court must evaluate the defendant's conduct under the "least sophisticated consumer" test, and objectively determine whether that consumer would be misled. *Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1029 (6th Cir.1992).

The least sophisticated debtor standard is lower than simply examining whether par-

ticular language would deceive or mislead a reasonable debtor. The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. Although this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations

the notice was not false, deceptive or misleading as a matter of law:

> It is understandable that David would be concerned by the Notice considering the previous improper garnishment of her wages for a debt also in the name of the Addressee, and consequently David may have subjectively understood the Notice to falsely seek to collect a debt from her, but this does not create a cause of action against FMS. Objectively, it is undisputed that the Notice was addressed to an individual with a different first name from David, and the bank account referenced was not hers. Even an unsophisticated consumer knows her own name and David confirmed there was no confusion on this point. In fact, in her response to FMS, she wrote "[t]his is not my name."

*Id.*

This case is indistinguishable from *David.* Javitch issued a summons and complaint to sue Scipio Hill and mailed it to Plaintiff Lawrence Hill. The complaint stated that Scipio Hill was the defendant and identified the original creditor and the account number in question. Plaintiff does not claim any past relationship to the creditor or the account in question. Indeed, Plaintiff clearly understood that the complaint was not directed to him because he denied all of the complaint's factual allegations in his answer and affirmatively stated that he was not the debtor Scipio Hill. Doc. No. 5–2, at 9. Thereafter, Javitch dismissed the lawsuit in a reasonable period of time. Although Plaintiff's complaint alleges that Javitch failed to ascertain whether he ever used the name "Scipio Hill" before filing suit, Plaintiff himself does not claim to have ever used this name. Therefore, it is simply not reasonable to impose FDCPA liability on Javitch for this alleged omission. All of the objective indicia in this case indicate that Javitch was not attempting to collect a debt from Plaintiff. Even the least sophisticated consumer would have understood this. Under the circumstances of this case, Javitch's mailing of the summons and complaint to the wrong address was not an unfair, unconscionable, false or misleading debt collection practice as a matter of law. Thus, paragraph 12 of the complaint fails to state a claim for relief under the FDCPA.[7]

Accordingly, Javitch's motion to dismiss the claims in paragraph 12 of the complaint is well-taken and is **GRANTED.**

---

of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.
*Fed. Home Loan Mortgage Corp. v. Lamar,* 503 F.3d 504, 509–10 (6th Cir.2007) (internal brackets, quotations, and citations omitted).

7. In *Beattie v. D.M. Collections, Inc.,* 754 F.Supp. 383 (D.Del.1991), the district court held that § 1692f(1) does not apply to a situation where the debt collector attempts to collect from the wrong individual. *Id.* at 392. Rather, the court stated, such a claim is best characterized as false representation of "the character, amount, or legal status of any debt" pursuant to § 1692e(2)(A). The court then held that "debt collectors may be found in violation of subsection 1692e(2)(A) for mistakenly dunning the wrong individuals when they fail to exercise reasonable care in ascertaining the facts, such as relying upon information on which a reasonable person not have relied." *Id.* Ultimately, however, *Beattie* is distinguishable on its facts. Although in *Beattie* the court stated that there was a question of fact whether the debt collector reasonably relied on information provided by original owner of the debt, it appears that in attempting to collect from the plaintiff, the defendant principally relied on misleading information provided by the actual debtor without attempting to verify it (the debtor told the defendant that the debt was his son's and provided a phone number through which the son could be contacted). In this case, however, Javitch never actually tried to collect any debt from Plaintiff, even if its reliance on the information provided by Midland was unreasonable. Therefore, *Beattie* is inapposite.

These claims are **DISMISSED WITH PREJUDICE.**

As a result of the above rulings, the Court need not address Javitch's arguments regarding Plaintiff's alleged lack of standing and the statute of limitations. Similarly, Javitch's motion for a more definite statement is **MOOT.**

**IT IS SO ORDERED.**