Stuart M. KAMEN, individually and on behalf of all others similarly situated, Plaintiff.

v.

STEVEN J. BAUM, P.C., Defendant.

No. CV 09–892.

United States District Court, E.D. New York.

Sept. 29, 2009.

Barry A. Kamen, PLLC, by Barry A. Kamen, Esq., Stony Brook, NY, for Plaintiff.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, by Steven L. Young, Esq., White Plains, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action commenced by Plaintiff Stuart A. Kamen ("Plaintiff"), pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Presently before the court is the motion of Defendant Steven J. Baum, P.C. ("Defendant"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint.

## BACKGROUND

### I. Factual Background

The allegations of the complaint, taken as true for the purpose of this motion, set forth the following facts.

Plaintiff is an individual residing in this district. Defendant is an attorney, and a debt collector within the meaning of the FDCPA. In a letter dated March 4, 2008 (the "March 4 Letter"), Defendant wrote to Plaintiff with reference to a debt owed by Plaintiff in connection with a mortgage made by Defendant's client, INDYMAC bank (the "Creditor"). In the March 4 Letter, Defendant states that his firm represents the Creditor, and sets forth the amount owed on Plaintiff's mortgage. Plaintiff acknowledges that the March 4 Letter which states, *inter alia*, that it is an attempt to collect a debt, and advises

Plaintiff of the means by which to contest the debt asserted, complies with all notice requirements of the FDCPA. Plaintiff states that the March 4 Letter, which bears a postmarked date of March 6, 2008. was not received until March 11, 2008.

On March 6, 2008, Defendant commenced a foreclosure proceeding in New York State Court on behalf of INDYMAC with respect to Plaintiff's home. That proceeding was commenced by the filing of a summons (the "Summons") and complaint (the "Complaint"), both dated March 4, 2008, in the Supreme Court of the State of New York, County of Suffolk. Plaintiff was served with the Summons and Complaint in the foreclosure proceeding on March 10, 2008–one day before Plaintiff's alleged receipt of the March 4 Letter.

On the same date that the foreclosure proceeding was commenced, Defendant filed a Notice of Pendency, pursuant to Section 6501 of New York's Civil Practice Law and Rules ("CPLR Section 6501"). The Notice of Pendency is a document filed pursuant to New York law that is intended to place third parties on constructive notice of the pendency of a proceeding regarding property. *See* CPLR 6501. As a document intended only to put third parties on notice of a pending action, the Notice of Pendency was not served on Plaintiff.

## II. *Plaintiff's Cause of Action*

Plaintiff alleges a violation of the debt validation notice requirements set forth in Section 1692g(a) of the FDCPA. Acknowledging that the March 4 Letter contained all information required by the FDCPA, Plaintiff limits his claim to the argument that the Summons (but not the Complaint), and the Notice of Pendency, violated the FDCPA. In support of his claim, Plaintiff alleges that the Summons and Notice of Pendency constitute the first communica-

tions he received with respect to the debt owed to INDYMAC. He states that because these two documents did not include the debt validation notice required by the FDCPA, Defendant has violated the statute.

## III. *Defendant's Motion*

Defendant moves to dismiss for failure to state a claim. In support of the motion, Defendant argues that neither the Summons nor Notice of Pendency can constitute an FDCPA initial communication that is subject to the debt validation notice requirements of the statute. With respect to the Summons. Defendant argues that this document, served with the Complaint, constitutes a formal legal pleading that is expressly excluded from the FDCPA definition of an initial communication. Defendant further points out that since the Notice of Pendency was neither required to be served, nor actually served upon Plaintiff, it cannot be an FDCPA initial communication with a consumer. After outlining relevant legal principals, the court will turn to the merits of the motion.

## DISCUSSION

## I. *Standards on Motion to Dismiss*

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46, 78 S.Ct. 99. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 127 S.Ct.

at 1974. The "retirement" of *Conley*'s language, *see Bell Atlantic Corp.*, 127 S.Ct. at 1969, is not a wholesale rejection of the general pleading rules to which federal courts have become accustomed. Instead, it is a rejection of *Conley*'s "negative gloss" on the accepted pleading standard that once a claim is stated, it may be supported by any set of facts consistent will the allegations of the complaint. *Bell Atlantic Corp.*, 127 S.Ct. at 1969. Indeed, shortly after its decision in *Bell Atlantic,* the Court reiterated that the pleading of specific facts in support of a complaint is not necessary. Instead, a complaint need only give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).

The "plausibility" language used by the Supreme Court in *Bell Atlantic,* has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty,* 490 F.3d 143, 157–58 (2d Cir.2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, *Bell Atlantic* holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Williams v. Berkshire Fin. Grp. Inc.,* 491 F.Supp.2d 320, 324 (E.D.N.Y. 2007). quoting, *Bell Atlantic Corp.,* 127 S.Ct. at 1959.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. *Watts v. Services for the Underserved,* 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.,* 127 S.Ct. at 1974. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing her lawsuit. *See Brass v. Amer. Film Techn., Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *Watts,* 2007 WL 1651852 *2.

## II. *Disposition of the Motion*

■ The FDCPA requires that certain enumerated information be set forth in a debt collector's "initial communication" with a consumer. *See* 15 U.S.C. § 1692g(a)(1)-(5). Plaintiff recognizes that Section 11692g(d) of the FDCPA specifically exempts "legal pleadings" from the FDCPA definition of a "initial communication," and Plaintiff concedes that the complaint in the foreclosure proceeding constitutes a legal pleading.[1] He argues, however, that neither the Summons nor Notice of Pendency constitute such proceedings are therefore required to comply with the FDCPA notice requirements.

At the outset, the court notes that there is some lack of credibility to the assertion that Plaintiff received the Summons and Complaint in the foreclosure action prior to the March 4 Letter. As noted, the

---

1. The FDCPA exemption of legal pleadings from the definition of an initial communication was added to the statute in 2006. Thus, the Second Circuit case of *Goldman v. Cohen,* 445 F.3d 152, 157 (2d Cir.2006), is no longer the law.

latter communication was postmarked as of March 6. Plaintiff asserts that he did not receive the letter until March 11, 2008—a day after he was served with the Summons and Complaint. For the purpose of this motion, however, the court will assume the truth of the allegation that the March 4 Letter was not received until one day after Plaintiff was served with the Summons and Complaint.

Defendant argues, and Plaintiff cannot contest, that the Summons and Complaint were served together, as is required by New York State law. Indeed, the propriety of the service was ruled upon in the context of the state court foreclosure proceeding. The court in that proceeding held specifically that Plaintiff was properly served with the Summons and Complaint under New York State law. In light of the fact that state law requires simultaneous service of a summons and complaint, (which the state court held occurred in this case), the court holds that both documents constituted a single "legal pleading" subject to the FDCPA exemption of the definition of an initial communication. The court rejects Plaintiff's tortured attempt to carve out the Summons from the definition of legal pleadings so as to circumvent the clear FDCPA exclusion. *Accord Hill v. Javitch, Block & Rathbone,* 574 F.Supp.2d 819, 823–24 (S.D.Ohio 2008) (holding that summons and complaint are legal pleading exempt from FDCPA notice requirements).

██ Even if the court were to agree with the notion that the Summons could somehow be separated from the Complaint for the purpose of the FDCPA, there would be no violation here. This is because the March 4 Letter, which Plaintiff acknowledges was received one day after service of the Summons and Complaint, is in full compliance with the FDCPA. That statute allows the debt collector five days

after an initial communication with the consumer in which to comply with the FDCPA debt validation notice requirements. *See* 15 U.S.C. § 1692g(a). Plaintiff's acknowledged receipt of the March 4 Letter on March 11, 2008, one day after receipt of the Summons and Complaint, thus negates his claim.

Plaintiff's argument regarding the Notice of Pendency is even weaker. In light of the fact that Plaintiff was never served with this document, he cannot be heard to argue that it constitutes an FDCPA "initial communication." Indeed, it is the purpose of the Notice of Pendency to serve only as constructive notice to third parties of the pendency of litigation involving real property. *See* CPLR 6501. The court holds, therefore that the Notice of Pendency does not constitute a communication to the Plaintiff, much less an FDCPA "initial communication." Accordingly, that document is not governed by the statutory notice requirements.

For the foregoing reasons the court dismisses Plaintiff's complaint for failure to state a claim. The court turns then to Plaintiff's request for leave to amend his complaint. The request must be denied. The facts here are clear. Equally clear to the court is the futility of allowing amendment. Accordingly, the court denies the motion to amend.

### CONCLUSION

Defendant's motion to dismiss is granted. Plaintiff is denied leave to re-plead. The Clerk of the Court is directed to terminate the motion to dismiss and close the file in this matter.

SO ORDERED.