Thomas M. KERR, Plaintiff—
Appellant,

v.

Peter DUBOWSKY;  et al.,
Defendants—Appellees,

and

Citibank, (South Dakota) N.
A.;  et al., Defendants.

No. 03–15156.

D.C. No. CV–02–00712–PMP(LRL).

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before LEAVY, HAWKINS, and
RAWLINSON, Circuit Judges.

MEMORANDUM**

Thomas M. Kerr appeals pro se the
district court's judgment dismissing his ac-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

tion alleging that attorney Peter Dubowsky ("Dubowksy") violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, while attempting to recover credit card debt Kerr owed to Citibank. We review de novo both summary judgment and dismissal for failure to state a claim. *See Barnett v. Centoni,* 31 F.3d 813, 815, 816 (9th Cir.1994) (per curiam). We affirm.

■ The district court properly dismissed Kerr's 15 U.S.C. § 1692e claim and properly granted summary judgment on Kerr's 15 U.S.C. § 1692g claims because he failed to file his suit within one year of Dubowsky's alleged violations. *See* 15 U.S.C. § 1692k(d); *see also Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir.1997) (holding that when the alleged violation of 15 U.S.C. § 1692(b) is the filing of a lawsuit, the statute of limitations begins to run on the date the lawsuit is filed).

■ The district court properly dismissed Kerr's 15 U.S.C. § 1692c(c) claim because Kerr's complaint did not allege that he disputed the debt in writing or requested Dubowsky to cease communications with him. *See* 15 U.S.C. § 1692c(c). The district court properly dismissed Kerr's 15 U.S.C. § 1692d claim because his complaint alleged that Dubowsky's May 2001 call was "unwanted" but failed to allege facts that it was intended to "harass, oppress, or abuse." *See* 15 U.S.C. § 1692d.

We decline to consider Kerr's contention that he was denied discovery because he neither moved for additional time to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f) nor demonstrated that the information he sought would have precluded summary judgment. *See Wein-*

---

*berg v. Whatcom County,* 241 F.3d 746, 751 (9th Cir.2001).

**AFFIRMED.**