*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0229p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

WENDELYN HARVEY,

      *Plaintiff-Appellant,*

    *v.*

GREAT SENECA FINANCIAL CORPORATION et al.,
      *Defendants-Appellees.*

No. 05-3970

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 05-00047—Susan J. Dlott, District Judge.

Argued: June 1, 2006

Decided and Filed: July 6, 2006

Before: GILMAN and GRIFFIN, Circuit Judges; DUGGAN, District Judge.[*]

———————————

## COUNSEL

**ARGUED:** Stephen R. Felson, Cincinnati, Ohio, for Appellant. Michael D. Slodov, JAVITCH, BLOCK, & RATHBONE, Cleveland, Ohio, for Appellees. **ON BRIEF:** Stephen R. Felson, Cincinnati, Ohio, Steven C. Shane, Bellevue, Kentucky, for Appellant. Michael D. Slodov, JAVITCH, BLOCK, & RATHBONE, Cleveland, Ohio, for Appellees.

———————————

## OPINION

———————————

RONALD LEE GILMAN, Circuit Judge. This is a lawsuit brought under the Fair Debt Collection Practices Act (FDCPA) against a debt collector, Great Seneca Financial Corporation (Seneca), and its law firm, Javitch, Block & Rathbone, L.L.P. (Javitch). Wendelyn Harvey claimed that Seneca and Javitch violated both the FDCPA and the Ohio Consumer Sales Practices Act (OCSPA) by filing "a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that Seneca owned the debt." Seneca and Javitch raised a number of defenses to Harvey's suit, including the failure to state a claim, the protection provided by the First Amendment, and the *Noerr-Pennington* doctrine. The district court held that Harvey's allegations failed to state a claim under the FDCPA. It then declined to exercise supplemental

———————————

[*]The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

jurisdiction over Harvey's OCSPA claim once her federal claim had been dismissed. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In January of 2004, Javitch filed a "Complaint for Money" to collect a debt that Harvey allegedly owed Seneca. The complaint alleged that Harvey owed Seneca a total of $12,765.72 on two separate accounts. Seneca claimed that "[a]lthough due demand has been made, [Harvey] has failed to liquidate the balance due and owing." Attached to the complaint were two exhibits that listed the account number, the balance, and the statement closing date for each account.

Based on Seneca's Complaint for Money, Harvey filed suit in January of 2005, alleging violations of both the FDCPA and the OCSPA. Harvey's factual allegations were sparse. She alleged that after being served with the Complaint for Money, she "filed a responsive pleading and sought discovery from [Seneca and Javitch] concerning the ownership of debts in question, the origination of those debts, and the amount of those debts. When [Seneca and Javitch] refused to provide responses, . . . Harvey filed a motion to compel, at which point [Seneca and Javitch] dismissed the complaint." She therefore claimed that Seneca and Javitch filed "a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that Seneca owned the debt."

Harvey contended in her complaint that Seneca's filing of a state-court collection action knowing that it "had no documentation" to prove the debt constituted a deceptive, unfair, and unconscionable debt-collection practice. She specifically cited violations of 15 U.S.C. § 1692d, which prohibits conduct that has the consequence of harassing, oppressing, and abusing a debtor, and 15 U.S.C. § 1692e(10), which forbids using deceptive means to collect a debt.

Seneca and Javitch responded to Harvey's complaint by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They argued that (1) a lack of available documentation at the time the Complaint for Money was filed is not actionable under the FDCPA, (2) the filing of the Complaint for Money is protected by the common law doctrine of immunity during judicial proceedings, the First Amendment, and the *Noerr-Pennington* doctrine (which protects litigants who seek redress of wrongs through judicial proceedings), and (3) the district court should decline to exercise jurisdiction over Harvey's OCSPA claims. Seneca and Javitch attached to their motion to dismiss the record of their debt-collection action, which included the docket sheet, the Complaint for Money, Harvey's answer to the complaint, Harvey's request for the production of documents, Seneca's motion for an extension of time to respond to the production of documents, Harvey's motion to compel production, and Seneca's dismissal of the case.

The district court granted Seneca and Javitch's motion to dismiss for failure to state a claim and therefore did not reach the merits of their other defenses. It held that Seneca and Javitch had not engaged in deceptive behavior, and that the filing of a complaint without the supporting documentation in hand did not constitute harassment under the FDCPA. After dismissing Harvey's FDCPA claims, the district court declined to exercise jurisdiction over Harvey's remaining state-law claim under the OCSPA.

On appeal, Harvey asserts that, if permitted, she can prove the following facts, which she argues constitute a claim under the FDCPA:

1.      Seneca purchases extremely old, defaulted debt in batches of as many as one million accounts at a time, for which it pays pennies on the dollar.

2.      This type of debt is transferred electronically; the seller does not provide paperwork which would be considered satisfactory evidence of the debt if submitted to a court.

3.      When printed out, the electronic evidence of the sale consists of one line per debtor containing the debtor's name, account number, and alleged indebtedness, without any information about the original contract, the debtor's payments, or the assignment or sale of the account.

4.      Seneca never obtained from the original debtor, or from an assignee of the original debtor, any payment history or other documentary proof demonstrating the amount of the debt allegedly owed by Ms. Harvey. The same is true for documentation of the original agreement (including the interest rate) and for documentation of the chain of ownership of the alleged debt. This is common practice in the industry because of the time and cost of obtaining such documentation.

5.      Seneca-Javitch routinely files state-court collection actions with no more evidence in hand of the debt in question than the single line described above.

6.      The default rate on such lawsuits is at least ninety percent; once a default judgment is entered the debtor's chances of overturning it are miniscule. Thus, in the vast majority of cases, Seneca-Javitch can proceed to garnishment regardless of whether it could have proved its case in disputed litigation.

7.      On the rare occasion when a debtor obtains an attorney and that attorney requests proof of the debt, the amount of the debt and/or Seneca's ownership of the debt, as happened here . . . , Seneca-Javitch routinely dismisses its collection action. This decision is based upon a cost-benefit analysis which is built into the price of purchasing these debts.

## II.  ANALYSIS

### A.      Standard of review

We review de novo the district court's dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 299 (6th Cir. 2006). "A dismissal of a complaint may be affirmed if it appears that the non-movant can prove no set of facts in support of her claim that would entitle her to relief. While reviewing courts construe the complaint in the light most favorable to the plaintiff, and accept all factual allegations as true, a court is not required to accept as true unwarranted legal conclusions and/or factual allegations." *Id.* at 300 (citations omitted).

### B.      Harvey's complaint

Before we can consider whether Harvey's complaint survives the defendants' motion to dismiss, we must first determine the extent of her allegations. Harvey's complaint alleges that Seneca and Javitch filed a Complaint for Money without the means of proving that Harvey actually owed a debt to Seneca in the specified amount. Because Harvey's complaint uses imprecise language, we must decide whether Harvey intended to allege that (1) Seneca and Javitch filed the complaint without *having on hand at the time of filing* the means to prove the complaint, or (2) Seneca and Javitch filed the complaint without the means of *ever being able to obtain sufficient proof* of the debt-collection action.

Although reasonable inferences drawn from the allegations must be accepted, *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005), we need not accept "unwarranted factual inferences." *Perry v. Am. Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003). A common-sense reading of Harvey's complaint convinces us that she alleged only that, at the time of filing, Seneca and Javitch did not have the means of proving their debt-collection claim. This reading of the complaint comports with the district court's understanding, which was not challenged by Harvey. In addition, Harvey clarified her theory of the case in her appellate brief, which states that Seneca chooses not to acquire the documentation needed to prove its debt-collection claims "because of the time and cost of obtaining such documentation," not that it is incapable of doing so. The conclusion that Seneca and Javitch had no means of ever proving their claim would therefore be both an unreasonable extension and a strained reading of Harvey's allegation that Seneca and Javitch filed "a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that Seneca owned the debt."

## C.     Harvey's unpled allegations

We must next consider whether Harvey's unpled allegations, which she asserts for the first time in her brief on appeal, are properly before us. On appeal, Harvey argues that she can prove that Seneca and Javitch routinely file unsubstantiated debt-collection suits in the hope of obtaining default judgments. She also contends that, in the event that a debtor contests Seneca and Javitch's debt-collection action, they will dismiss the suit based on a cost-benefit calculation, which weighs the cost of obtaining proof of their claim against the expected judgment.

These factual allegations first presented by Harvey on appeal are significantly different than those contained in Harvey's complaint. These new allegations assert the elements of (1) improper motive, (2) pattern and practice, and (3) inadequate investigation of the debt before filing the lawsuit. None of the new factual allegations are even vaguely alluded to in Harvey's complaint.

Although a motion to dismiss should be granted only if the plaintiff can prove no set of facts which would entitle her to relief, this court should not assume facts that were not pled. *See HMS Property Mgmt. Group v. Miller*, Nos. 94-3668, 94-3669, 1995 U.S. App. LEXIS 35116, at *7 (6th Cir. Oct. 31, 1995) (unpublished) (citing *Assoc. Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983), for the proposition that "it is not proper to assume facts that a plaintiff has not plead [sic]"). *See also In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) ("[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.") (citations and quotation marks omitted) (emphasis in original). The appropriate method for adding new factual allegations to a complaint is not via an appellate brief, but by filing an amended complaint. *See Sanders v. Barrett*, 2005 U.S. App. LEXIS 22496, at *6-7 (11th Cir. Oct. 17, 2005) (unpublished) ("For the first time on appeal, Sanders alleges new facts in an attempt to state a claim against Barrett under § 1983 . . . . Sanders could have amended his complaint before the district court dismissed his action against Barrett, but failed to do so.") (citations and quotation marks omitted); *see also* Fed. R. Civ. P. 15 (allowing a party leave to amend his or her complaint "when justice so requires").

Harvey did not seek to amend her complaint to include the factual scenario she now presents on appeal. Because she was represented by counsel, she is not entitled to the less stringent pleading standard that applies to pro se litigants. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (holding that a "*pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers") (quotation marks omitted).

We will therefore disregard the new set of facts alleged for the first time on appeal that Harvey argues she can prove at trial. Allowing Harvey to present a new theory of her case on appeal that was not alleged below would permit her two bites at the apple, a practice that would be very disruptive of orderly trial procedure. *See DeBardeleben v. Cummings*, 453 F.2d 320, 324-25 (5th Cir. 1972) (holding that a defendant may not "breathe new juridical life into a moribund issue" by asserting on appeal "an entirely new theory of the case, never presented to the District Court"). We will therefore consider only those facts alleged in her complaint and the reasonable inferences that can be drawn from those facts. *See Evans-Marshall*, 428 F.3d at 228.

**D.      FDCPA claims**

Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The statute is very broad, and was intended to remedy "what it considered to be a widespread problem." *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). "When interpreting the FDCPA, we begin with the language of the statute itself . . . ." *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999).

In her complaint, Harvey alleges that Seneca and Javitch violated two provisions of the FDCPA: 15 U.S.C. § 1692d, which prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and 15 U.S.C. § 1692e(10), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." In determining whether any particular conduct violates the FDCPA, the courts have used an objective test based on the least sophisticated consumer. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992) (holding that the contents of a collection letter were not misleading, even under the "least sophisticated consumer" standard). The district court concluded that Harvey had not alleged a violation of either of the FDCPA provisions on which she relies. We agree for the reasons set forth below.

*1. Harassment under 15 U.S.C. § 1692d*

The FDCPA prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This provision of the FDCPA lists nonexclusive examples of the type of conduct prohibited by the Act as follows:

(1)      The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
(2)      The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
(3)      The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency . . . .
(4)      The advertisement for sale of any debt to coerce payment of the debt.
(5)      Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
(6)      Except as provided in [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

The district court dismissed Harvey's claim under § 1692d because the "filing of a lawsuit is not the kind of conduct that was intended to be covered by section 1692d."    Although

nonexhaustive, the examples of oppressive conduct listed in § 1692d concern tactics intended to embarrass, upset, or frighten a debtor. They are likely to cause the "'suffering and anguish' which occur when a debt collector attempts to collect money which the debtor, through no fault of his own, does not have." *Montgomery*, 346 F.3d at 700 (citation omitted). These tactics are not comparable to the single filing of a debt-collection lawsuit.

Harvey argues, however, that the question of whether the filing of a debt-collection lawsuit without adequate proof can constitute harassment should be submitted to a jury. In support, she cites the unpublished case of *Broadnax v. Greene Credit Service*, No. 95-3829, 1997 U.S. App. Lexis 776, at *10-11 (6th Cir. Jan. 15, 1997), which held that a jury could find abusive or dishonest a debt-collector's false accusation and initiation of a criminal complaint alleging that the target debtor had fraudulently negotiated a bad check. *Broadnax*, however, is not a precedentially binding decision and is readily distinguishable from the present case because the debt collector in *Broadnax* filed a false criminal complaint intended to substantially disrupt the debtor's life and imperil his liberty in order to coerce him into paying a debt. In contrast, the allegations at issue in the present case do not concern coercion, scare tactics, or fraud, but involve the simple filing of a lawsuit, which is an authorized method of collecting a debt.

Cases from other courts of appeals bolster the conclusion that, although the question of "whether conduct harasses, oppresses, or abuses will [ordinarily] be a question for the jury, . . . . Congress has indicated its desire for the courts to structure the confines of § 1692d." *Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir. 1985). Courts have therefore dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor. *Id.* (affirming summary judgment for a debt collector because the notice in question did not create a "tone of intimidation" that the FDCPA proscribes as a matter of law); *Kerr v. Dubowsky*, 71 F. App'x 656, 657 (9th Cir. 2003) (unpublished) (holding that "the district court properly dismissed Kerr's 15 U.S.C. § 1692d claim because his complaint alleged that Dubowsky's May 2001 call was 'unwanted' but failed to allege facts that it was intended to 'harass, oppress, or abuse'").

Even when viewed from the perspective of an unsophisticated consumer, the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor. *Any* attempt to collect a defaulted debt will be unwanted by a debtor, but employing the court system in the way alleged by Harvey cannot be said to be an abusive tactic under the FDCPA. *See Watkins v. Peterson Enters.*, 57 F. Supp. 2d 1102, 1109 (E.D. Wa. 1999) (holding that the serving of writs of garnishment that overstated the debt by including costs and fees associated with prior unsuccessful writs was not an abusive practice because the types of behavior described in 15 U.S.C. § 1692d "are a far cry from that at issue"). We therefore find no error in the district court's dismissal of Harvey's claim under 15 U.S.C. § 1692d.

### 2. Deceptive practices under 15 U.S.C.§ 1692e(10)

The other FDCPA provision relied upon by Harvey is § 1692e, which prohibits deceptive practices in debt collection. To determine "whether a debt collector's practice is deceptive within the meaning of the Act, courts apply an objective test based on the understanding of the 'least sophisticated consumer.'" *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 400 (6th Cir. 1998) (holding that a debt-collector's use of a pseudonym that references a fictional collection agent is not a deceptive practice). Examples of conduct that other courts of appeals have deemed deceptive include impersonating a public official, *Goswami v. American Collections Enterprise*, 395 F.3d 225, 226 (5th Cir. 2004), falsely representing that unpaid debts will be referred to an attorney, *United States v. National Financial Services*, 98 F.3d 131, 138-39 (4th Cir. 1996), and misrepresenting the amount of the debt owed, *Kojetin v. C U Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000).

In holding that Seneca and Javitch's filing of a lawsuit without the immediate means of proving the debt owed did not constitute a deceptive practice, the district court distinguished the case of *Delawder v. Platinum Financial Services Corp.*, No. C-1-04-680, 2005 U.S. Dist. LEXIS 40139 (S.D. Ohio March 1, 2005). The district court in *Delawder* upheld claims under 15 U.S.C. § 1692e(10) in a case where the debt collector allegedly attached a false affidavit to an unsubstantiated debt-collection claim. *Id.* at *14-15. Because Harvey did "not allege that [Seneca and Javitch] attached a false document to the . . . complaint, nor even that [their] claims regarding the debt were false," the district court in the present case held that Harvey did not state a claim under 15 U.S.C. § 1692e(10).

Other cases that have considered factual scenarios similar to the one addressed here have adopted the reasoning and result of the district court in the present case. In *Deere v. Javitch, Block, and Rathbone, L.L.P.*, 413 F. Supp. 2d 886, 890 (S.D. Ohio 2006), for example, a case that the district court described as bearing a "striking resemblance to the complaint" in the present case, the court reasoned that

> filing a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt . . . is not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable. A defendant in any lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery. Deere does not allege that anything in the state court complaint was false, or that the complaint was baseless. She essentially alleges that more of a paper trail should have been in the lawyers' hands or attached to the complaint. The FDCPA imposes no such obligation.

*Id.* at 891; *see also Davis v. NCO Portfolio Mgmt., Inc.*, No. 1:05-CV-734, 2006 U.S. Dist. LEXIS 7133, at *4-10 (S.D. Ohio February 7, 2006) (unpublished) ("Davis does **not** allege that anything contained in the state court complaint filed against her was false. Davis does not admit or deny the existence of any underlying debt . . . .") (emphasis in original).

The reasons cited in these other cases for dismissing claims under 15 U.S.C. § 1692e apply equally to the complaint at issue in the present case. Harvey never denied in her complaint that she owed Seneca a debt, nor did she claim that Seneca and Javitch misstated or misrepresented the amount that she owed. Her allegations against Seneca and Javitch therefore do not allege that Seneca and Javitch made "false representations" or used means that were "deceptive" in the traditional sense. *See* 15 U.S.C. § 1692e(10). Harvey argues, however, that Seneca and Javitch's conduct is "analogous to suing on a time-barred debt, a practice uniformly held to violate the FDCPA" even though it does not involve affirmative misrepresentations. Just as an unsophisticated and unrepresented debtor would not challenge a time-barred lawsuit on limitations grounds, Harvey contends that an unsophisticated debtor would not have the knowledge or resources to realize that Seneca and Javitch did not possess the documents to prove their claim. According to Harvey, there is "no difference between the two situations."

Although we have never addressed the issue and express no opinion on the question, we note that courts in other circuits have held that the filing of a lawsuit to collect a debt that is barred by the statute of limitations violates several subsections of 15 U.S.C. § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The Eighth Circuit in *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001), for example, held that a debt collector violates the FDCPA when it threatens or pursues litigation "to collect on a potentially time-barred debt that is otherwise valid." Several district courts have also concluded that the filing of a lawsuit to collect a time-barred debt is deceptive to the unsophisticated consumer. *See, e.g.*, *Goins v. JBC & Assoc.*, 352 F. Supp. 2d 262

(D. Conn. 2005); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330 (D.N.M. 2000); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987).

These district courts have employed varying rationales for concluding that the filing of time-barred lawsuits violates the FDCPA. In *Goins*, for example, the district court held that the threat to file suit on a time-barred debt constitutes a "misleading representation" because attorneys must represent to the court that they have undertaken a reasonable inquiry into whether claims brought are warranted by existing law under Rule 11 of the Federal Rules of Civil Procedure. *Goins*, 352 F. Supp. 2d at 272. Because sanctions "would be appropriate if an attorney knowingly filed suit on an undisputedly time-barred claim," a letter threatening suit on such a claim "threaten[s] litigation where such suit would be improper." *Id.* The district court in *Kimber* similarly held that letters threatening to sue on a time-barred claim are "fraudulent" because a debt collector cannot "legally prevail in such a lawsuit." 668 F. Supp. at 1489. As explained by the district court,

> it is obvious to the court that by employing the tactics it did, FFC played upon and benefitted from the probability of creating a deception. Honest disclosure of the legal unenforceability of the collection action due to the time lapsed since the debt was incurred would have foiled FFC's efforts to collect on the debt. So instead, the corporation implicitly misrepresented to Kimber the status of the debt, and thereby misled her as to the viability of legal action to collect.

*Id.* (reasoning that unsophisticated "consumers would unwittingly acquiesce" to a time-barred lawsuit instead of defending against it).

Harvey argues that these cases illustrate by analogy that a lawsuit filed without the immediate means of proving the existence, amount, or true owner of the debt is deceptive. We respectfully disagree. Seneca and Javitch did not implicitly represent by filing the Complaint for Money that they had in hand the means to prove Seneca's claims. Rule 11 of the Federal Rules of Civil Procedure does not require attorneys to ensure that their client can prove its case before filing. Instead, the Rule mandates only that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Proc. 11(B)(3). Harvey did not allege in her complaint that Seneca and Javitch failed to undertake a reasonable investigation into whether or not Harvey's debt existed; rather, she essentially focused on the contention that Seneca and Javitch did not presently possess the means of proving that debt.

In addition, a number of the cases holding that the filing of a time-barred claim is a deceptive practice under the FDCPA rely on 15 U.S.C. § 1692e(2), which prohibits "the false representation of . . . the character, amount, or legal status of any debt." *See Shorty*, 90 F. Supp. 2d at 1331 ("Common sense dictates that whether a debt is time-barred is directly related to the legal status of that debt . . . [because] a debt cannot be pursued in court . . . [if] it is time-barred . . . .") On the other hand, a debt may be properly pursued in court, even if the debt collector does not yet possess adequate proof of its claim. Seneca and Javitch's alleged actions, therefore, did not misrepresent the legal character of the debt owed.

A holding that Harvey's allegations as stated in her complaint are sufficient to establish deceptive means of collecting a debt under 15 U.S.C. § 1692e(10) would in our opinion unjustifiably extend the rationales of the "time-barred" cases, none of which have yet been endorsed by this circuit. We therefore hold that Harvey's complaint does not state a cause of action under 15 U.S.C. § 1692e(10).

**E.       Remaining matters**

We wish to reiterate that we are not passing on the viability of the facts alleged by Harvey for the first time on appeal. We are limited by law to reviewing only the sufficiency of Harvey's complaint. In addition, we do not need to address Seneca and Javitch's remaining defenses because we are affirming the district court's disposition under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.