**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0135n.06

Case No. 14-3219

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Feb 18, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LOUISE GALATI, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| MANLEY DEAS KOCHALSKI, LLC, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS and GRIFFIN, Circuit Judges; HOOD, District Judge.*

**HOOD**, District Judge. Plaintiffs-Appellants Louise Galati and Nicholas Bozickovich ("Plaintiffs") seek review of the district court's Rule 12(b)(6) dismissal of their claims under the Fair Debt Collection Practices Act (FDCPA). The district court determined that Plaintiffs did not have standing to maintain their FDCPA claims and that, even if they did, their complaint did not allege sufficient facts to withstand Defendant's motion to dismiss for failure to state a claim upon which relief could be granted. The district court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. For the following reasons, we affirm.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I.

This action arises from M&T Bank's foreclosure upon Plaintiffs' Lake County, Ohio home. Defendant Manley Deas Kochalski ("MDK") is the law firm that represents M&T Bank in the foreclosure action, which is pending in Ohio state court.[1] Plaintiffs contend that, through its actions in the foreclosure suit, MDK violated the FDCPA, 15 U.S.C. § 1692 *et seq.,* and various provisions of Ohio law. Specifically, Plaintiffs allege that MDK attempted to collect a debt "to which [MDK] knew its client had no enforceable right and/or interest." Essentially, Plaintiffs claim that there are defects in both the note and the mortgage upon which MDK relies in the foreclosure proceeding and, thus, MDK knew its client was not the owner of the debt when it initiated the action.

In January 2005, Bozickovich financed the purchase of the home through a loan from Grange Bank, in favor of whom Plaintiffs executed a mortgage. Defendant attached copies of two mortgage assignments to the foreclosure complaint—one from Grange Bank to Franklin Bank S.S.B. and one from Franklin Bank S.S.B. to M&T Bank. While the assignment from Franklin Bank to M&T Bank is dated January 12, 2011, it is undisputed that Franklin Bank was taken over by the FDIC in November 2008. Also attached to the foreclosure complaint is a copy of the promissory note that Bozickovich executed in favor of Grange Bank. The note bears an indorsement from Grange Bank to First Federal Savings Bank, but no indorsement to M&T Bank is present. Plaintiffs contend that based on these alleged defects, M&T Bank had no right to foreclose upon their home and Defendant violated the FDCPA in bringing suit on M&T's behalf.

_____

[1] On September 5, 2013, M&T voluntarily dismissed the original foreclosure action. (Lake County Court of Common Pleas, Action 12 CF 002677, filed Oct. 4, 2012). On January 28, 2014, MDK, on M&T's behalf, refiled the foreclosure complaint in the Lake County Court of Common Pleas. (Action 14 CF 00212). It appears that, as of the date of this decision, the parties are engaged in court mediation. (Docket retrieved from phoenix.lakecountyohio.gov/eservices/home.page.2).

Whether a district court properly dismissed an action pursuant to Federal Rule of Civil Procedure 12(b)(6) is a question of law subject to de novo review. *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.,* 648 F.3d 452, 456 (6th Cir. 2011). We will accept the plaintiffs' factual allegations as true and construe the complaint in their favor, *Lutz v. Chesapeake Appalachia, LLC,* 717 F.3d 459, 464 (6th Cir. 2013), but the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Mere recitals of the elements of the cause of action accompanied by conclusory allegations do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Further, we may affirm the district court's decision for any reason supported by the record, even if not considered by the district court. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.,* 280 F.3d 619, 629 (6th Cir. 2002).

The Fair Debt Collection Practices Act is designed to eliminate abusive debt collection practices by preventing debt collectors, including attorneys, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. §§ 1692(e), 1692e; *see also Stratton v. Portfolio Recovery Assocs., LLC,* 770 F.3d 443, 449 (6th Cir. 2014). Plaintiffs allege that MDK violated several provisions of the Act, including those relating to harassment or abuse; false or misleading representations; and unfair debt collection practices. *See* §§ 1692d, 1692e, 1692f. Plaintiffs have failed to allege sufficient facts to move their claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

As stated previously, Plaintiffs have identified two aspects of MDK's conduct which, they say, violate the FDCPA. First, Plaintiffs contend that MDK violated the Act when it

initiated the underlying foreclosure action by relying on a promissory note indorsed to First Federal Bank rather than its client, M&T Bank. Assuming, *arguendo,* that MDK could be liable under the Act simply for filing a meritless foreclosure action, the fact that the note is neither indorsed in blank nor specially indorsed to M&T Bank does not support an inference that M&T Bank has no legally enforceable interest in the note. Ohio Revised Code Section 1303.31(A)(2) provides that a nonholder in possession of an instrument who has the rights of a holder is entitled to enforce the instrument. MDK contends, as it did in the district court, that its client is entitled to enforce the note under this provision and that the documentation demonstrating the transfer of the note from First Federal to M&T is before the state court in the foreclosure action. Under Ohio law, there is nothing facially suspect with regard to Defendant seeking to enforce a promissory note indorsed to an entity other than its client. Without more, the facts as alleged by Plaintiffs do not make out a claim for relief under the FDCPA.

Plaintiffs also allege that, in bringing suit on behalf of M&T, MDK relied on a mortgage assignment from a defunct bank and that doing so was a violation of the FDCPA. While much has been made of whether MDK knew that Franklin Bank was closed at the time it assigned the mortgage to M&T, it is of no consequence—the FDCPA is a strict-liability statute. *Stratton,* 770 F.3d at 448-49. That the assignment occurred after Franklin Bank's closing date, however, creates no inference that MDK engaged in unfair debt-collection activity. Plaintiffs have alleged no facts to suggest that such activity was prohibited in this instance or that MDK's conduct otherwise violates the FDCPA. Generally, in assessing whether particular activity constitutes false, deceptive, or misleading conduct under Section 1692e of the Act, we look to the "least sophisticated consumer" standard. *See Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 400 (6th Cir. 1998). Here, Plaintiffs do not suggest that the least-sophisticated consumer would have been

confused, let alone that they were confused or misled by the mortgage assignment from Franklin Bank to M&T. For instance, unlike the plaintiff in *Wallace v. Washington Mutual Bank,* 683 F.3d 323 (6th Cir. 2012), they do not claim that they were confused as to whom they were to make payments. Rather, they allege a mere technical deficiency in the mortgage assignment to make out a claim under the FDCPA. Such a deficiency, however, is not within the scope of abusive practices from which the Act protects consumers.

Plaintiffs also allege that, through its conduct in connection with the foreclosure suit, MDK violated 15 U.S.C. § 1692d, which prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Although the list is nonexhaustive, § 1692d provides examples of such oppressive conduct, which includes "tactics intended to embarrass, upset, or frighten a debtor." *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 330 (6th Cir. 2006). Even if MDK did not have immediate means of proving its ability to enforce the debt at issue, MDK's filing of the foreclosure action does not have the natural consequence of harassing, abusing, or oppressing Plaintiffs. *See id.* at 330-31. Accordingly, the district court did not err in dismissing Plaintiffs' claims under § 1692d. Further, Plaintiffs failed to allege any facts to support their claims under 15 U.S.C. § 1692f, the section of the FDCPA relating to unfair debt collection practices. Plaintiffs have failed raise a question as to whether any alleged misrepresentations were material, as they have not alleged that they relied on them or were misled by them in any way. *See Clark v. Lender Processing Servs.,* 562 F. App'x 460, 467 (6th Cir. 2014). And unlike the defendants in *Turner v. Lerner, Sampson & Rothfuss,* 776 F. Supp. 2d 498 (N.D. Ohio 2011), there is no allegation that MDK executed misleading affidavits or falsified documents. As the district court stated, "Plaintiffs' allegations merely recite that [MDK] filed a state foreclosure action with a note that M&T Bank

possessed" and that "may or may not have been properly assigned to its client." *Galati v. Manley Deas Kochalski LLC,* No. 1:13-cv-2206, 2014 WL 584784, *3-*4 (N.D. Ohio Feb.12, 2014). As explained above, these allegations do not support Plaintiffs' claims under the FDCPA.

## III.

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.