**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-2171**

_____

ABDUL CONTEH; DADAY CONTEH,

        Plaintiffs - Appellants,

    v.

SHAMROCK COMMUNITY ASSOCIATION, INC.; NAGLE & ZALLER, P.C.,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Beth P. Gesner, Magistrate Judge. (1:14-cv-00794-BPG)

_____

Submitted: April 29, 2016           Decided: May 19, 2016

_____

Before KEENAN, WYNN, and THACKER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

E. David Hoskins, Steven B. Isbister, THE LAW OFFICES OF E. DAVID HOSKINS, LLC, Baltimore, Maryland, for Appellants. Craig B. Zaller, Brian R. Fellner, NAGLE & ZALLER, P.C., Columbia, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abdul and Daday Conteh (Conteh) appeal the magistrate judge's order dismissing their complaint that featured claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p (2012), the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 to -204 (2013), and the Maryland Consumer Protection Act (MCPA), Md. Code Ann., Com. Law §§ 13-101 to -501 (2013). Conteh's claims stem from Nagle & Zaller, P.C. ("Nagle") filing a writ of execution to satisfy a judgment in favor of Shamrock Community Association ("Shamrock") for condominium homeowner payments that Conteh failed to timely pay. Conteh's complaint alleged that the judgment principal and amount owed on the judgment as listed in the writ of execution exceeded the actual judgment principal and amount owed on the judgment. The parties consented to the resolution of the complaint by a magistrate judge. Pursuant to Fed. R. Civ. P. 12(b)(6), the magistrate judge dismissed Conteh's complaint in its entirety.

We review de novo the district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus,

551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do" and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Having reviewed the record and the relevant case law, we affirm the magistrate judge's order in part, vacate in part, and remand for further proceedings.

## I.

Conteh's complaint alleged that Nagle violated two provisions of the FDCPA by filing a writ of execution that listed an inflated judgment principal and amount due on the judgment. Turning to Conteh's first claim under the FDCPA, a debt collector is prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the 'least sophisticated consumer.'" Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014) (internal quotation marks omitted). When viewing a misstatement from the perspective of the "least sophisticated consumer," we "consider how a naive consumer would interpret the statement." Elyazidi v. SunTrust

3

Bank, 780 F.3d 227, 234 (4th Cir. 2015) (internal quotation marks omitted). A misstatement must be material to sustain a claim under 15 U.S.C. §1692e; that is, the misstatement must have the potential to "frustrate [the least sophisticated] consumer's ability to intelligently choose his or her response," id. (internal quotation marks omitted), or must be the type of misstatement that "would have been important to the consumer in deciding how to respond to efforts to collect the debt," Powell, 782 F.3d at 127.

Although the magistrate judge stated the "least sophisticated consumer" test, the magistrate judge erred by relying on how Conteh actually acted when determining whether Nagle's misstatement regarding the judgment principal and amount owed on the judgment was material. Instead, as stated in Powell, the proper analysis requires consideration of the degree to which the amount due on the debt was overstated and whether the extent of the overstatement would have been material to the least sophisticated consumer. Id. at 126-27 (noting that "mere technical falsehoods" are not actionable and that a de minimis misstatement might not be actionable but that an overstatement of 50% "easily satisf[ied]" the materiality requirement). Here, the writ of execution identified $1,748.98 as the amount Conteh owed while Conteh's amended complaint alleged that the amount due on the judgment at the time the writ was filed was

4

$1,583.96. Accordingly, the writ allegedly overstated the amount owed by $165.02, or by 10.4%. While the degree of the alleged overstatement is not as significant as the overstatement in Powell, we conclude that an overstatement of 10.4% is sufficient to be important to how the least sophisticated consumer responds by causing confusion and a potential challenge by the consumer to the writ. In so concluding, we note the increased potential for confusion where the writ allegedly identified a judgment principal from a prejudgment demand letter even though the state court judgment awarded Shamrock a lesser judgment principal than demanded. Therefore, we vacate the magistrate judge's dismissal of Conteh's 15 U.S.C. § 1692e claim.

Turning to Conteh's second claim under the FDCPA, a debt collector is prohibited from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Other circuits have concluded that the filing of a debt collection action, or the threat of such action, does not constitute harassment or abuse of the debtor where the debt collector relies on valid state court proceedings. See Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 330-31 (6th Cir. 2006) (holding that filing of debt collection action did not constitute harassment or abuse even when debt collector lacked

means to establish debt at time of filing action); <u>Jeter v. Credit Bureau Inc.</u>, 760 F.2d 1168, 1179 (11th Cir. 1985) (holding that threat of legal action if debt not paid does not harass or abuse the debtor). In the context of 15 U.S.C. § 1692f, we have found that a debt collector's "enforce[ment] [of] their contractual rights in compliance with state court procedure" cannot plausibly be construed as "unfair or unconscionable" conduct. <u>Elyazidi</u>, 780 F.3d at 235. We apply our holding in <u>Elyazidi</u> and adopt the position stated in <u>Harvey</u> to conclude that a debt collector's initiation of a state court proceeding cannot legally constitute harassment, oppression, or abuse of the debtor.[1] Accordingly, we affirm the magistrate judge's dismissal of Conteh's claim under 15 U.S.C. § 1692d.

## II.

With respect to the MCDCA, Conteh's amended complaint alleged that the filing of and the misstatement in the writ of execution violated Md. Code Ann., Com. Law §§ 14-202(6), (8). The magistrate judge concluded that Nagle and Shamrock did not

---

[1] On appeal, Conteh contends that the filing of the writ of execution constituted harassment because Nagle knew there was no equity in the condominium unit in seeking to force its sale to satisfy the judgment in favor of Shamrock. We find no legal authority supporting Conteh's argument and decline to adopt the argument, given that the alleged lack of equity in the condominium at the time the writ was filed did not necessarily foreclose Nagle from recovering all or part of the judgment owed through the sale of the condominium.

violate § 14-202(6) because the filing of a writ of execution is not a communication with the debtor and that no violation of § 14-202(8) occurred because, although the writ of execution may have sought an amount in excess of the amount owed, the writ was filed in an effort to recover a valid debt.

Under Md. Code Ann., Com. Law § 14-202(6), a debt collector, in collecting or attempting to collect an alleged debt, may not "[c]ommunicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor." As with Conteh's claim under 15 U.S.C. § 1692d, we conclude that a debt collector's resort to state court proceedings and the filing of a writ of execution cannot legally constitute a communication that harasses or abuses the debtor. Accordingly, we decline to address whether the filing of a writ of execution constitutes a type of communication sufficient to trigger the protections afforded by Md. Code Ann., Com. Law § 14-202(6); instead, we affirm the magistrate judge's dismissal on this alternative ground. Cf. Toll Bros., Inc. v. Dryvit Sys., Inc., 432 F.3d 564, 572 (4th Cir. 2005) (noting that appellate court may affirm a grant of summary judgment "on any ground appearing in the record").

Pursuant to Md. Code Ann., Com. Law § 14-202(8), a debt collector may not "[c]laim, attempt, or threaten to enforce a

7

right with knowledge that the right does not exist." A debt collector violates this provision by placing a lien on the debtor's property for an amount in excess of the amount to which the debt collector is rightfully entitled if the amount sought exceeds the amount owed as a result of the debt collector's inclusion of an unauthorized type of charge. See Allstate Lien & Recovery Corp. v. Stansbury, 101 A.3d 520, 529-30 (Md. Ct. Spec. App. 2014) (holding that debt collector's inclusion of unauthorized $1,000 processing fee in filing of lien constituted seeking right that did not exist for purposes of § 14-202(8) even though lien was filed on valid debt). Although the writ of execution allegedly sought an amount in excess of what Conteh owed, because the magistrate judge dismissed the case prior to discovery, it is not apparent from the record whether the alleged misstatement of the amount owed was the result of a typographical or mathematical error by Nagle or whether it was the result of Nagle and Shamrock including a type of charge not authorized by the underlying judgment on which they sought satisfaction. Therefore, we vacate the magistrate judge's dismissal of Conteh's claim under Md. Code Ann., Com. Law § 14-202(8) and remand for further proceedings.[2]

---

[2] Because we vacate the dismissal of one of Conteh's claims under the MCDCA, we also vacate the magistrate judge's dismissal of Conteh's claim under the MCPA. See Md. Code Ann., Com. Law
(Continued)

8

Accordingly, we affirm the magistrate judge's order with respect to the dismissal of Conteh's claims under 15 U.S.C. § 1692d and Md. Code Ann., Com. Law § 14-202(6), but vacate the order with respect to the dismissal of Conteh's claims under 15 U.S.C. §1692e and Md. Code Ann., Com. Law § 14-202(8). We remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

§ 13-301(14)(iii) (providing that plaintiff makes out viable claim for violation of MCPA by pleading viable MCDCA violation).