RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18b0010p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE:  CORY LAMON CHENAULT,

　　　　　　　　　　　　　　　　*Debtor*.

_____

CORY LAMON CHENAULT,

　　　　　　　　　　*Plaintiff-Appellant*,

　　　*v*.

GREAT LAKES HIGHER EDUCATION CORPORATION,

　　　　　　　　　　　　　　　*Defendant*,

UNITED STATES DEPARTMENT OF EDUCATION,

　　　　　　　*Intervenor Defendant-Appellee*.

No. 18-8003

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky at Lexington.
No. 17-51449—Gregory R. Schaaf, Judge.

Decided and Filed:  July 5, 2018

Before:  BUCHANAN, DALES, and OPPERMAN, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

_____

**ON BRIEF:**  Charles P. Wisdom, Jr., Callie R. Owen, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.  Cory Lamon Chenault, Lexington, Kentucky, pro se.

_____

**OPINION**

_____

SCOTT W. DALES, Bankruptcy Appellate Panel Judge.  In this appeal, Cory Lamon Chenault (the "Debtor") asks this Panel to overturn the bankruptcy court's order dismissing his

adversary complaint for failure to state a cause of action. The Panel concludes that the Debtor did not plead sufficient facts to support a discharge of his student loan debt notwithstanding the exception to discharge that would otherwise apply under 11 U.S.C. § 523(a)(8). Accordingly, the order of the bankruptcy court is AFFIRMED.

## ISSUE ON APPEAL

The sole issue on appeal is whether the bankruptcy court improperly dismissed Debtor's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

## JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). "An order dismissing an adversary complaint under Fed. R. Civ. P. 12(b)(6) is a final order." *Maxus Capital Grp., LLC v. Uhrich* (*In re Level Propane Gases, Inc.*), No. 09-8047, 2010 WL 1255669, at \*2 (B.A.P. 6th Cir. Apr. 2, 2010) (citing *Kaye v. Agripool, SRL* (*In re Murray, Inc.*), 392 B.R. 288, 292 (B.A.P. 6th Cir. 2008)).

"A bankruptcy court's order dismissing a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo." *Lefkowitz v. Mich. Trucking, LLC* (*In re Gainey Corp.*), No. 11-8038, 2012 WL 3938521, \*1 (B.A.P. 6th Cir. Sept. 11, 2012). "Under a de novo standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Level Propane Gases*, 2010 WL 1255669, at \*2 (citation omitted).

**FACTS**

In July 2017, Debtor filed a chapter 7 bankruptcy petition. A month later, he filed an adversary complaint seeking the discharge of his student loan debt as an "undue hardship" pursuant to § 523(a)(8). Debtor incurred the debt to finance his education at Spencerian College in Lexington, Kentucky. He graduated with an architectural drafting certification in May 2008. He asserts that since the time of graduation the loan has been in forbearance, deferment or an income-driven repayment plan.

The United States Department of Education (the "DOE") filed a Motion to Intervene as a Party-Defendant on September 27, 2017, which was granted on October 20, 2017. On November 3, 2017, the DOE filed a Motion to Dismiss, or in the alternative for Summary Judgment. On November 13, 2017, the Debtor filed an objection to the motion, not refuting the facts alleged in the motion, but arguing undue delay.

Following a hearing on November 16, 2017, the bankruptcy court entered an order allowing the Debtor fourteen days to amend his original complaint. On the record, the bankruptcy court explained that the Debtor's original complaint did not state sufficient facts to plausibly allege that he could meet the second prong of the *Brunner* test. Under this prong, the Debtor is required to plead "that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans." *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987). The Debtor filed an amended complaint on November 22, 2017. The amended complaint attached exhibits showing proof of the Debtor's status as a parolee, but did not otherwise correct the deficiencies the bankruptcy court earlier called to his attention.

On December 6, 2017, the DOE filed a second Motion to Dismiss Adversary Proceeding. The bankruptcy court held a hearing on January 18, 2018. The next day, it entered an order granting the DOE's motion to dismiss finding that the Debtor "only [made] conclusory statements about his inability to pay, without offering facts that may support these conclusions." (Order at 1, Adv. P. 17-05015 ECF No. 31.) Moreover, the bankruptcy court held that the Debtor's status as a parolee, alone, was not sufficient to state a cause of action because such

status was not "beyond the debtor's control" as required under the third prong of the *Brunner* test.  (Order at 2.); *see Elebrashy v. Student Loan Corp. (In re Elebrashy)*, 189 B.R. 922, 928 (Bankr. N.D. Ohio 1995) (a good faith effort to repay encompasses the notion that the debtor's situation must result from "factors beyond his reasonable control").

## DISCUSSION

Student loan debt is not discharged in bankruptcy pursuant to § 523(a)(8) of the Bankruptcy Code, unless excepting the debt from discharge "would impose an undue hardship on the debtor and the debtor's dependents[.]"  The Sixth Circuit Court of Appeals, along with the majority of courts, apply the test articulated in *Brunner* to determine whether an undue hardship exists.  *See Oyler v. Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382, 385 (6th Cir. 2005) (adopting *Brunner* test in the Sixth Circuit).  The *Brunner* test requires a debtor to establish three elements to qualify for discharge of educational loans on the basis of undue hardship.  The elements are:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396.  "It is the debtor's burden to establish the existence of each of these elements by a preponderance of the evidence."  *Trudel v. U.S. Dep't of Educ. (In re Trudel)*, 514 B.R. 219, 226 (B.A.P. 6th Cir. 2014) (citations omitted).  At the pleading stage, a plaintiff's allegations must show that a right to relief is plausible.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561, 127 S. Ct. 1955, 1968 (2007).

Accordingly, to survive the DOE's motion to dismiss the complaint under Rule 12(b)(6), the Debtor was required to state sufficient facts which, when taken as true, could plausibly establish each of these elements.  The Debtor failed to do so.

I.

The Debtor first argues that the bankruptcy court erred by not requiring the creditor to bear the initial burden of establishing that the debt is of the type excepted from discharge under

§ 523(a)(8). The Sixth Circuit has not explicitly stated that the creditor bears the initial burden of proof to establish that § 523(a)(8) is applicable. However, if it were to do so, a creditor would need to show that the debt is for:

> (A)    (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

11 U.S.C. § 523(a)(8).

In the present case, the Debtor stated in his original complaint that the debt is student loan debt. (Complaint at ¶ 3, Adv. P. 17-05015 ECF No. 1.) Additionally, the Debtor stated that the debt is serviced by Great Lakes Higher Education Corporation, the named defendant,[1] and that the loan was incurred to pay expenses at Spencerian College. (*Id.* at ¶¶ 4,5.) Accordingly, regardless of whether the DOE or the Debtor bears the burden of proving that the debt is of the type included in § 523(a)(8), the Debtor's own pleading removed the issue from contention, and his own allegations plausibly support the allegation that the nature of the debt at issue places it within the exception.

## II.

Secondly, the Debtor argues that the duration of his parole, which allegedly extends beyond the repayment period, creates an undue hardship. He asserts that despite his post-parole education, he is unable to obtain regular employment and maintain a minimal standard of living while caring for his dependents. He asserts that this state of affairs will likely persist throughout the repayment period.

---

[1]The DOE is the holder of Debtor's student loans. (Certificate of Indebtedness, Adv. P. 17-05015 ECF No. 11, Exh. 1.)

At issue in this appeal is whether the Debtor alleged sufficient facts in his complaint to avoid dismissal under Rule 12(b)(6). When considering whether to dismiss a complaint under Rule 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). A court should only dismiss a complaint under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561, 127 S. Ct. at 1968 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102 (1957)). Nevertheless, "a court is not required to accept as true unwarranted legal conclusions and/or factual allegations." *Level Propane Gases*, 2010 WL 1255669, at *2 (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006) (citation omitted)).

The bankruptcy court found that the Debtor did not adequately support his assertion of undue hardship, and thus, did not meet his pleading burden. The Panel reviews the bankruptcy court's determination de novo and reaches the same result.

> The Bankruptcy Code does not provide a specific list of "additional circumstances" to be considered to indicate the persistence of a debtor's state of affairs. "Such circumstances must be indicative of a 'certainty of hopelessness, not merely a present inability to fulfill financial commitment.' They may include illness, disability, a lack of useable job skills, or the existence of a large number of dependents. **And, most importantly, they must be beyond the debtor's control, not borne of free choice**.

*Looper v. U.S. Dep't of Educ.* (*In re Looper*), No. 05-38187, 2007 WL 1231700, at *6 (Bankr. E.D. Tenn. Apr. 25, 2007) (emphasis added).

The only "circumstances" the Debtor submitted to the bankruptcy court was proof of the terms of his parole. He did not make any assertions regarding his current income, his job search activity or his likelihood of success in the future. Nor did he allege that he had availed himself of any job search assistance or employment programs available to parolees. Rather, the Debtor simply made the conclusory argument that because he will be on parole throughout the repayment period, he has an undue hardship.

Moreover, as other courts have held, status as a parolee may not meet the additional circumstances required for another reason. The Debtor's circumstance as a parolee is of his own making.

> While the Debtor's earning potential is decidedly limited by his incarceration, his current and future state of financial affairs is directly attributable to his actions, and he cannot escape the responsibility therefor. Accordingly, based upon evidence presented, the court finds that the Debtor has not met his burden of proof with respect to the second *Brunner/Oyler* factor because the Debtor's financial circumstances are the direct result of his actions.

*Looper*, 2007 WL 1231700, at *7. Likewise, in *Ebelsheiser v. Coll. Assist* (*In re Ebelsheiser*), 543 B.R. 1, 6 (Bankr. S.D. Iowa 2015), the bankruptcy court found that the debtor's parole conditions "exist solely because of his conduct and the consequences of his convictions." Thus, the bankruptcy court held that they were self-imposed and did "not warrant a finding of undue hardship." *Id.*

This Panel finds the Debtor's assertion that his status as a parolee creates an undue hardship, by itself, is simply not enough to overcome a motion to dismiss under Rule 12(b)(6). Debtor did not articulate facts to support an allegation that his past criminal behavior has made it unlikely that he will find adequate employment in the future. Additionally, even if he did, his condition is one of his own making and does not qualify as the "additional circumstances" required by the second and third prongs of the *Brunner* test.

### III.

Finally, the Debtor argues that the bankruptcy court should not have applied the *Brunner* test. He says that requiring a debtor to show the existence of unique or extraordinary circumstances amounting to a certainty of hopelessness is not supported by the text of § 523(a)(8). He states that a better, more reasonable test can be found in the First and Eighth Circuits in the form of a "totality of the circumstances test." *See Long v. Educ. Credit Mgmt. Corp. (In re Long)*, 322 F.3d 549, 553 (8th Cir. 2003); *Bronsdon v. Educ. Credit Mgmt. Corp. (In re Bronsdon)*, 435 B.R. 791, 801 (B.A.P. 1st Cir. 2010). Nevertheless, the Sixth Circuit Court of Appeals has adopted the *Brunner* test, not a totality of the circumstances test. *See Oyler*, 397 F.3d at 385. Even assuming the time has come to revisit *Brunner*, unless and until the

Sixth Circuit Court of Appeals does so, the bankruptcy courts in this circuit, as well as this Panel, are obligated to apply it. Thus, in reviewing whether a complaint states a cause of action under § 523(a)(8), it is appropriate and necessary for a bankruptcy court to determine whether a debtor has stated sufficient facts to establish each element of the *Brunner* test and in this case, the Panel concludes that the Debtor has not.

## CONCLUSION

The order dismissing the case is AFFIRMED.